For meaning of Abreviations, See Ternary Digest, page XII.

### No. 1012
### SMITH v. FREMONT (City)
#### No. 20119. Supreme Court

Error to Sandusky Appeals. Dock. Oct. 1, 1926; 4 Abs. 670.

**639. INJUNCTION**—Does an injunction lie against a Municipal council to enjoin them from enforcing an ordinance in direct conflict with one initiated by the people on the ground that it was an emergency measure?

**1157. TAXATION**—Is bonded indebtedness exempt from the 1% debt limit as provided by 3941 GC., passed July 21, 1925?

J. Bell Smith a taxpayer filed an original action for injunction in the Sandusky Common Pleas attempting to enjoin the city council of Fremont from enforcing a city ordinance passed in direct conflict with one previously initiated by the people on the same subject; but vote thereon not having been taken, council then passed an ordinance as an emergency The lower court sustained a demurrer thereto which was affirmed by the Court of Appeals.

Smith took the case to the Supreme Court on error and contended:

1. If the facts stated in the petition, all of which, by the demurrer to petition herein are conceded to be true, do not entitle Smith to an injunction, it lies within the power of a municipal council to deprive the people of their power of initiative and referendum.

2. It is claime dthat where there is conflict between the legislature and the people, the purpose of the constitution and statute is to make the right of the people to legislate, the controlling one.

3. The council of the city did not have the power to abolish the constitution and repeal the statutes reserving to the people the rights of initiative and referendum, for the reason that the ordinance was an emergency measure when in fact it was not. It was further contended that the action of the city council in passing the ordinance and declaring it an emergency was without authority and contrary to law for by this action the right of the people to vote upon the question was taken away.

4. The debt limit of 1% provided by 3941 GC. does not exempt bonded indebtedness created after July 21, 1925, the time this statute was passed.

**Attorneys**—Hazel Fry; D. B. Love, H. C. DeRan for Smith; Garn & Stout for City; all of Fremont.

**Note**—OA. opinion will be found in 4 Abs. 747. Petition in error dismissed, 4 Abs. 757.

### No. 1013
### JONES (Treas.) v. CONN
#### No. 20087. Supreme Court

On motion to certify. Dock. Sept. 8, 1926; 4 Abs. 623.

**1157. TAXATION**—Is real property which is held in trust for charitable purposes, when leased for profit before charity is equipped to commence. and personal property so held but used in paying for building used for charity, subject to taxation?

The question herein concerns real property held in trust for charitable institution and leased out by trustees for a profit before the institution is sufficiently equipped to dispense the charity, and personal property is held by trustees and being used to pay for erection of a building for charitable purposes, in relation to either being subject to taxes.

**Attorneys**—T. Miller, Van Wert, C. C. Crabbe, Atty. Gen., W. E. Benoy, Columbus, for Jones; Conn, Hoke & Wright, Van Wert, and Wilson & Rector, Columbus, for Conn.

### No. 1014
### STATE ex JANSON v. ESCHLIMAN
#### No. 20089. Supreme Court

In quo warranto. Dock. Sept. 11, 1926; 4 Abs. 623.

**985. QUO WARRANTO**—Does such action lie to oust present incumbent of municipal civil service commission, by one who was dismissed before term was up?

This is a petition in quo warranto filed by Price Janson to oust present encumbent of municipal civil service commission and to reinstate him, because he was dismissed before termination of his term of office. Constitutionality of 486-19 GC. is attacked.

**Attorneys**—J. Janson, Canton, for State ex.